**In re Petition for Naturalization of Giuseppe SANDOLO.**

**No. 65903.**

United States District Court
D. Connecticut.

Nov. 28, 1969.

John Arcudi, Bridgeport, Conn., for petitioner.

Paul X. Moran, and William M. Dalton, Immigration & Naturalization Service, Hartford, Conn.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

This petition for naturalization by Giuseppe Sandolo presents the question whether petitioner, who has not demonstrated an understanding of the English language as required by Section 312 of the Immigration and Naturalization Act, 8 U.S.C. § 1423(1), comes within the exemption from this requirement, set forth in Section 312, for persons physically incapable of compliance by reason of his blindness.

## FACTS

The following facts are undisputed: that petitioner is a native and national of Italy who is 64 years old; that he was lawfully admitted for permanent residence in the United States on August 8, 1963 and filed a petition for naturalization on January 27, 1969; that since his arrival in this country, he has had defective eyesight and would be classified as legally blind under Conn.Gen.Stat. § 10–294(a) (1958); and that the naturalization examiner has recommended that the petition be denied on the ground that he has not demonstrated the understanding of the English language required by Section 312 of the Immigration and Nationality Act, 8 U.S.C. § 1423(1).

## OPINION

Section 312 of the Immigration and Nationality Act, 8 U.S.C. § 1423(1), states that no person shall be naturalized who cannot demonstrate

> "an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language: *Provided,* That this requirement shall not apply to any person physically unable to comply therewith, if otherwise qualified to be naturalized, . . ."

The naturalization examiner interprets this language to mean that the exemption set forth in the proviso does not apply unless the petitioner is physically unable to learn to read, write and speak English. He concedes that petitioner's blindness prevents him from learning to read and write English but maintains that it does not prevent him from learning to speak English.

The Court, however, reads the language in question to mean that if petitioner shows that he has a physical disability which renders him generally incapable of learning to understand the English language, he comes within the exemption set forth in the proviso.

The Court is satisfied that petitioner comes within the statutory exemption to the "understanding of the English lan-

guage" requirement in that he is physically unable to comply with this requirement by reason of his blindness.

Accordingly, the Court overrules the recommendation of the naturalization examiner that the petition be denied and holds, pursuant to Section 336 of the Immigration and Nationality Act, 8 U.S. C. § 1447, that the petition for naturalization should be granted.

### ORDER

ORDERED that the petition for naturalization be granted upon completion of any other requirements, including the oath of renunciation and allegiance, at the appropriate time.