### In re Petition for Naturalization of Ana Josefa VAZQUEZ.

### No. 787301.

United States District Court,
S. D. New York.

May 18, 1971.

---

Ana Josefa Vazquez, pro se.

Sabri Kandah, New York City, for Immigration & Naturalization Service.

## MEMORANDUM

BONSAL, District Judge.

Petitioner is a native and national of the Dominican Republic, sixty years of age, who has resided continuously in the United States since her lawful admission for permanent residence on October 23, 1959. She filed her petition on November 1, 1968 pursuant to Section 316(a), Immigration and Nationality Act (8 U.S. C. § 1427(a)). At the time of her admission into the United States, the Unit-

ed States Public Health Service certified that petitioner has "complete bilateral deafness since age six."

Section 312 of the Immigration and Nationality Act (8 U.S.C. § 1423) provides:

"No person except as otherwise provided in this subchapter shall hereafter be naturalized as a citizen of the United States upon his own petition who cannot demonstrate—

(1) an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language: *Provided,* That this requirement shall not apply to any person physically unable to comply therewith, if otherwise qualified to be naturalized, \* \* \*"

The Examiner, finding that Petitioner was qualified, except for her understanding of the English language, recommended that her petition be granted. Upon the motion of the Immigration and Naturalization Service, her petition was granted on March 15, 1971 and she was admitted to citizenship on that day.

It appears from the Examiner's report that Petitioner suffers from total deafness but has a limited ability to read her niece's lips when spoken to in the Spanish language. The Examiner reports that no adequate training facilities exist in the community to teach an adult deaf person of Petitioner's age how to read and write the English language. The Service was clearly correct in its view that because of total deafness Petitioner is physically unable to comply with the requirement of Section 312(1) since she suffers from a physical disability which renders her incapable of learning to understand the English language (In re Petition of Sandolo, 307 F. Supp. 221 (D.C.Conn.1969)). As she was otherwise qualified, she comes within the statutory proviso, and was entitled to citizenship.