**In re Petition for Naturalization of Sandor BLASKO.**

**Appeal of Sandor Blasko.**

**No. 71–1602.**

United States Court of Appeals, Third Circuit.

Argued May 5, 1972.

Decided Sept. 26, 1972.

---

B. A. Karlowitz, Tucker, Arensberg & Ferguson, Pittsburgh, Pa., for appellant.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, JAMES ROSEN, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

In this case Sandor Blasko asks us to review the district court determination of May 4, 1971, preceded by a like finding by the Immigration and Naturalization Service (Service), that he cannot be naturalized for failure to comply with the writing requirement of Section 312 (1) of the Immigration and Nationality Act, 8 U.S.C. § 1423(1) (1970).[1] We affirm.

Mr. Blasko entered the United States in 1959 at age 53 as a Hungarian national. In 1969 he filed a petition for naturalization which was denied because of his inability to speak English and to demonstrate an understanding of the government of the United States. After attending night school for a year, he was re-examined by the Service and met all requirements except the ability to write English. Upon his appearance before the district court, he was given and failed another opportunity to demonstrate his ability to write English. While we do not have the exemplar submitted to the district court, we do have an exemplar which both counsel stipulate is substantially the same. Based on the evidence before us, we cannot say that the district court was clearly erroneous.

Mr. Blasko claims, in the alternative, that because of his age, 63 in 1969, and his mental ability, he falls within the "physically unable" provision of Section 312. That Congress did not intend to include age within this exception seems to us implied by the explicit language regarding persons over 50 years of age, who, as of June 27, 1952, had resided in the United States for 20 years. Also, we think that the plain meaning of the words "physically unable"

1. "No person except as otherwise provided in this subchapter shall hereafter be naturalized as a citizen of the United States upon his own petition who cannot demonstrate—

(1) an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language: *Provided*, That this requirement shall not apply to any person physically unable to comply therewith, if otherwise qualified to be naturalized, or to any person who, on the effective date of this chapter, is over fifty years of age and has been living in the United States for periods totaling at least twenty years: *Provided further*, That the requirements of this section relating to ability to read and write shall be met if the applicant can read or write simple words and phrases to the end that a reasonable test of his literacy shall be made and that no extraordinary or unreasonable condition shall be imposed upon the applicant; . . . . . "

limits their application to such disabilities as deafness, *see* In re Vazquez, 327 F.Supp. 935 (S.D.N.Y.1971), or blindness, *see* In re Sandolo, 307 F.Supp. 221 (D.Conn.1969). While we sympathize with Mr. Blasko, we must enforce the law as it is written. It is the function of the United States Congress to change that law, if any such change is to be made.

The district court order of May 4, 1971, will be affirmed.